## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

C. JOSEPH MOS-BEY,

      Petitioner,

      v.

THE CORPORATE STATE OF NEW
JERSEY, et al.,

      Respondents.

Civil Action No. 20-20719 (MCA)

**MEMORANDUM & ORDER**

This matter having been opened by the filing of a *pro se* Petition for a writ of habeas

corpus pursuant to 28 U.S.C. 2254. It appearing that:

1.  Petitioner has submitted an application to proceed *in forma pauperis* ("IFP application"),

ECF No. 1-1. At this time, the Court grants Petitioner's IFP application.

2.  The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts,[1] and, as explained

below, it appears from the face of Petitioner's Petition that he fails to meet the "in custody"

requirement for habeas relief and that his Petition is untimely and unexhausted.

3.  The Court begins by explaining the "in custody" requirement for federal habeas

review. To obtain federal habeas corpus review, a petitioner must satisfy two requirements: (a)

the status requirement, by showing that he is "in custody"; and (b) the substance requirement, by

---

[1] "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Habeas Rules require the habeas petition to specify the grounds for relief, state the facts supporting each ground, and state the relief requested. *See* 28 U.S.C. § 2254 Rule 2(c) & (d), applicable through Rule 1(b); *see also In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (explaining that "factual allegations" are descriptions of "the who, what, when, where, and how: the first paragraph of any newspaper story").

showing that his petition challenges the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.") The Supreme Court has "interpreted the statutory language as requiring [a showing] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91 (emphasis added); *see also Leyva v. Williams*, 504 F.3d 357, 362 (3d Cir. 2007) (A federal district court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) "only if [the petitioner] is in custody in violation of the constitution or federal law.") (citations omitted).

    4.    "The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (citing *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 160 (3d Cir.1997). Thus, a prisoner serving a parole sentence is in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities." *Maleng*, 490 U.S. at 491; *see also Hensley*, 411 U.S. at 351 (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of

movement rests in the hands of state judicial officers").[2] The "'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." *United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) (citations omitted).

5.      At the time Petitioner submitted the Petition, he was incarcerated in North Carolina. According to his Petition, Petitioner is currently serving a life sentence in North Carolina for a conviction entered on November 18, 1994. *See* Petition at ¶ 17. Petitioner lists his "place of confinement" as Morrison Correctional Institution in Hoffman, North Carolina in both his Petition and IFP application. ECF No. 1-1, IFP application at ¶ 12. Petitioner later updated his address to Tabor Correctional Institution in Tabor City, North Carolina. ECF No. 8.

6.      In his Petition, Petitioner challenges a New Jersey Municipal Court conviction that was entered on or about March 2, 1993.[3] Petition at ¶¶ 1-5. The conviction is for possession of cocaine and Petitioner received a 365 day sentence. *See id.* Plaintiff also provides a Certificate of Parole showing he was released on parole prior to the expiration of his sentence.[4] *See* Petition at p. 11. Petitioner does not provide any facts showing that New Jersey officials are continuing to subject him to "'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision'" with respect

---

[2] In this context, the Third Circuit has also held that a 500-hour community service obligation in effect at the time the Petitioner filed the habeas petition satisfied the "in custody" requirement, reasoning that "an individual who is required to be in a certain place . . . or to perform services[ ] is clearly subject to restraints on his liberty not shared by the public generally." *Barry*, 128 F.3d at 161. In contrast, "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes." *Obado*, 328 F.3d at 718.

[3] In other submissions, Plaintiff asks to delete his criminal history record in New Jersey. *See, e.g.*, ECF No. 10. These requests are likewise denied as frivolous.

[4] The Certificate of Parole lists Petitioner's name at the time of his conviction as Christopher Assad. *See id.*

3

to his 1993 conviction. *See Obado*, 328 F.3d at 717; *Barry*, 128 F.3d at 159-61. In some cases, it is conceivable that a petitioner may have omitted facts that would enable him to meet the "in custody" requirement for habeas relief; here, however, Petitioner's conviction was entered nearly 30 years ago in New Jersey Municipal Court, and it appears that Petitioner is no longer in custody with respect to the 1993 conviction.

7.      Even if Petitioner were able to establish that he was in custody with respect to the 1993 conviction at the time he filed the instant Petition, his Petition also appears to be subject to dismissal as time barred and unexhausted. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, provides, in relevant part, a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[5]

---

[5] Additionally, a properly filed post-conviction relief ("PCR") application will normally statutorily toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2). Here, however, Petition did not appeal or file a petition for postconviction relief. As such, this provision appears inapplicable.

4

Where, as here, a petitioner's conviction becomes final before the ADEPA's enactment, the petitioner has one year from the AEDPA's enactment to file his or her habeas petition. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir.1998) (allowing a one-year grace period to petitioners whose convictions became final prior to the enactment of the AEDPA).

8.      The statute of limitations is also subject to certain equitable considerations. Thus, the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).  Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).  A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010)).  Mere excusable neglect is not sufficient.[6] *Id.*

9.      According to the Petition, Petitioner was convicted on March 2, 1993, and he did not file a direct appeal. *See* Petition at ¶¶ 1-5, 12.  As such, he had one year from the enactment of the AEDPA in April 1996 to file his habeas petition.  Because Petitioner did not do so, the instant Petition is untimely.  Petitioner's habeas claims also appear unexhausted and are subject to dismissal without prejudice on that basis as well. *See* 28 U.S.C. § 2254(b)(1)(B); *Henderson*

---

[6] A Petitioner may also be entitled to equitable tolling if he or she makes a showing of actual innocence. *See McQuiggin v. Perkins*, —— U.S. ——, ——, 133 S. Ct. 1924, 1934–46, 185 L.Ed.2d 1019 (2013).  The actual innocence test requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S.Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329).

*v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993).

      10.     Moreover, Petitioner has provided no facts showing that he is entitled to equitable tolling or that he is actually innocent. Instead, Petitioner contends that the Municipal Court lacked jurisdiction over Petitioner because he is a sovereign citizen and that he may challenge the lack of jurisdiction at any time (Ground One). *See* Petition at ¶¶ 12, 18. Petitioner further contends that his criminal record misidentifies him as black, but he is a Moorish National (Ground Two). Petition at ¶ 12. Petitioner's arguments have no merit and do not establish a basis for equitable tolling, actual innocence, or relief from his 1993 judgment. In this regard, the Petition is replete with legal-sounding but meaningless verbiage and documents commonly used by adherents to the so-called sovereign-citizen movement. Similar arguments have been repeatedly rejected by other courts and are rejected by this Court. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), cert. denied, 565 U.S. 1226 (2012) (stating "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), cert. denied, 508 U.S. 952 (1993) (describing the "sovereign citizen" defense to jurisdiction as "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" defense to prosecution as having "no conceivable validity in American law"); *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (providing "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions ...."); *Smithson v. York Cty. Court of Common Pleas*, No. 1:15-CV-01794, 2016 WL 4521854 (M.D. Pa. Aug. 3, 2016) (describing Smithson's claim

that "the defendants have no authority to incarcerate him because he is a 'sovereign citizen' and thus not subject to the laws of the Commonwealth of Pennsylvania" as "patently frivolous"), adopting report and recommendation, 2016 WL 4523985, at *1 (M.D. Pa. Aug. 29, 2016); *Cofield v. United States*, No. 14-2637, 2014 WL 1745018, at *2 (D.N.J. Apr. 30, 2014) (characterizing a Section 2241 claims based on redemptionist/sovereign-citizen beliefs as an abuse of the writ); *Figueroa-Hernandez v. Figueroa Hernandez*, No. 7:08-CV-00498, 2008 WL 4533940, at *3 (W.D. Va. Oct. 7, 2008) (finding "no grounds upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement"). Plaintiff's frivolous arguments do not warrant equitable tolling of the instant Petition or establish a basis for his actual innocence.

11.     In sum, the Petition on its face appears subject to dismissal for three reasons: (1) because Petitioner cannot meet the "in custody" requirement for habeas relief; (2) because the Petition is untimely under the one-year statute of limitations set forth in AEDPA; and (3) because the Petition is unexhausted. Nor has Petitioner provided any basis for equitable tolling or actual innocence.

12.     Here, reasonable jurists would not find the Court's procedural ruling debatable, and the Court also denies a certificate of appealability ("COA"). *See Didiano v. Balicki*, Civil Action No. 09–2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

13.     At this time, the Petition is dismissed for failure to meet the custody requirement and as untimely and unexhausted. The Court also denies a COA. In light of the dismissal of the Petition at screening, the requests for default, which are not available in the habeas context, are likewise denied.

7

**IT IS**, therefore, on this ____ day of <u>August</u>, 2022,

     **ORDERED** that the Petition is dismissed at screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because (2) Petitioner fails to meet the "in custody" requirement for habeas relief under 28 U.S.C. § 2254(a) and because the Petition is (2) untimely and (3) unexhausted; it is further

     **ORDERED** that the Court denies a certificate of appealability; and it is further

     **ORDERED** that in light of the dismissal of the Petition at screening, the requests for default judgment are likewise DENIED; and it is further

     **ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Petitioner at the address on file and CLOSE this matter accordingly.

                                       Madeline Cox Arleo, District Judge
                                       United States District Court